# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DIGILABEL, a company doing business in Texas,<br><br>Plaintiff,<br><br>v.<br><br>NORMARK CORPORATION, D/B/A RAPALA USA, a Minnesota Corporation, and RAPALA VMC CORPORATION, a Finnish Corporation,<br><br>Defendants. | Civil Action No. _____<br><br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PetAware, LLC d/b/a DigiLabel ("*DigiLabel*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendants Normark Corporation, a Minnesota corporation doing business as Rapala USA ("*Rapala*"), and Rapala VMC Corporation, a Finnish Corporation (collectively, "*Defendants*"). In support of this Complaint, DigiLabel alleges and complains as follows:

### PARTIES

1. PetAware, LLC d/b/a/ DigiLabel is a Texas limited liability company with its principal place of business in Dallas, Texas.

2. Normark Corporation d/b/a Rapala USA ("*Rapala*") is incorporated under the laws of the state of Minnesota and has its principal place of business at 10395 Yellow Circle Drive, Minnetonka, Minnesota 55343.

3. On information and belief, Rapala is a subsidiary of Rapala VMC Corporation, a Finnish corporation.

4. Defendants design, sell, market, and distribute fishing, hunting, and sporting goods equipment, including one or more Infringing Products (defined below) throughout the world and in the Eastern District of Texas.

5. Specifically, Defendants market and distribute their products in about 100 physical retail shops in this district.

6. Defendants also offer for sale and sell the Infringing Products through their online interactive store at www.rapala.com to residents of the state of Texas, including residents in this district.

## JURISDICTION AND VENUE

7. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

8. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

9. Defendants transacted business, contracted to supply and supplied goods or services, and caused injury to Plaintiff within Texas and this district, and have otherwise purposefully availed themselves of the privileges and benefits of the laws of Texas and are therefore subject to the jurisdiction of this Court.

10. Defendants distribute products in this district and place products for sale on interactive online stores to be used, shipped, offered for sale, and sold in this district.

11. Specifically, Defendants have marketed and distributed their products in more than 100 physical retail shops in this district including, but not limited to Wal-Mart locations in Marshall, Tyler, Sherman, Lindale, Mineola, Jacksonville, Longview, Henderson, Rusk, Gilmer, Athens, Canton, Palestine, Gun Barrel City, Sulphur Springs, Carthage, Mount Pleasant, Nacogdoches, Bonham, and Quinlan; West Marine retails stores in Garland and Denison; Dick's Sporting Goods retail stores in Garland and Rockwall; at least one Gander Mountain retail store in North Sherman; and at least one Dave's Ski & Tackle retail store located in Denison.

12. Defendants placed the Infringing Products in the stream of commerce with the expectation that they would be purchased and used by consumers in this district. The Infringing Products have been sold, offered for sale, and used in this district.

13. Defendants are subject to personal jurisdiction in Texas and this district, consistent with the principles of due process and the Texas Long Arm Statute, because they have offered and continue to offer their products for sale in Texas, have transacted business and continue to transact business in Texas, have committed and/or induced acts of patent infringement in Texas, and/or have placed the Infringing Products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of Texas.

14. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 because Defendants offer for sale and sell their Infringing Products through various local and national retail stores located in this district causing harm to DigiLabel in this district. Venue is proper because Defendants have infringed and continue to infringe DigiLabel's patent rights in this

district, as described more fully below, and this action arises from transactions of that business and infringement.

## GENERAL ALLEGATIONS

15.     DigiLabel is the exclusive licensee of U.S. Patent Nos. 8,249,919 (the "*'919 Patent*") and 8,050,964 (the "*'964 Patent*"), and has standing to sue and recover for all past, present, and future damages for infringement of these Patents. Copies of the '919 and '964 Patents are attached hereto as Exhibits A and B, respectively. The '919 and '964 Patents are collectively referred to as the *"DigiLabel Patents."*

16.     The DigiLabel Patents are directed to unique and novel digital product labels.

## PATENT INFRINGEMENT

17.     DigiLabel realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18.     DigiLabel has complied with the provisions of 35 U.S.C. § 287.

19.     Defendants, either alone or in conjunction with others, have infringed, contributed to infringement, and/or induced infringement of the DigiLabel Patents by making, using, selling, offering to sell, and/or causing others to use, methods and products which infringe the of the DigiLabel Patents under 35 U.S.C. § 271.

20.     The *"Infringing Products"* include, but are not limited to, Rapala's Ultimate Fisherman's Combo, as well as other products likely to be identified through discovery.

21.     Defendants were provided with actual knowledge of the DigiLabel Patents, and their infringement of the DigiLabel Patents.

22. Defendants' infringement has therefore been knowing and willful since at least the time they became aware of the DigiLabel Patents and/or their infringement of the DigiLabel Patents.

23. Defendants have further infringed, and continue to infringe, by knowingly inducing purchasers and users of their products to directly infringe the DigiLabel Patents.

24. Defendants have further infringed, and continue to infringe, by knowingly providing to their end users products or components of products which are especially made or especially adapted for infringement under the DigiLabel Patents, which are a material part of the infringement, and for which there are no substantial non-infringing uses.

25. Rapala VMC Corporation is liable for the infringing activities of its wholly-owned subsidiary, Rapala USA (Rapala).

26. Defendants' infringing activities have injured and will continue to injure DigiLabel unless and until this Court enters an injunction prohibiting further infringement of the DigiLabel Patents.

27. Defendants' infringing activities have damaged DigiLabel, which is therefore entitled to recover from Defendants damages in an amount subject to proof at trial, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DigiLabel respectfully requests that this Court enter, after a trial, appropriate and just judgment against Defendants:

A. An entry of final judgment in favor of DigiLabel and against Defendants;

B. An award of damages adequate to compensate DigiLabel for the infringement that has occurred, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendants from further acts of infringement of the DigiLabel Patents;

D. Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendants' acts;

E. An award to DigiLabel of its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F. Such other further relief to which DigiLabel is entitled, and any other further relief that this Court or a jury may deem just and proper.

### DEMAND FOR JURY TRIAL

DigiLabel demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: January 8, 2015

By: /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Joseph G. Pia (*Pro Hac Vice* application pending)
joe.pia@padrm.com
Pia Anderson Dorius Reynard & Moss
TX: 904 Meadow Lane
Southlake, Texas 76092
UT: 222 South Main St., Suite 1830
Salt Lake City, Utah 84101
Phone: (801) 350-9000
Fax: (801) 350-9010

*ATTORNEYS FOR PLAINTIFFS*